```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN CARTER,                     :
     Plaintiff                   :
                                 :
     vs.                         :   CIVIL NO. 1:CV-08-0605
                                 :
JEFFREY A. BEARD, et al.,        :
     Defendants                  :
```

*M E M O R A N D U M*

*I.   Introduction*

John Carter, an inmate housed at the Smithfield State Correctional Institution ("SCI-Smithfield"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Jeffrey Beard, the DOC secretary; Lisa Hollibaugh, Assistant Superintendent of SCI-Smithfield; William Fairall, Assistant Counsel for the DOC.  Carter claims defendants violated his First and Fourteenth Amendment rights[1] when they confiscated his personal property, a book considered to be UCC (Uniform Commercial Code) material, pursuant to DOC-ADM 803.[2] Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).  For the reasons that follow, the complaint will be dismissed.

---

[1] Additionally, Plaintiff alleges defendants violated his right to free speech pursuant to the Pa. Const. Art. I, § 7.

[2] DOC-ADM 803 allows for the confiscation of UCC related materials.  DOC-ADM 803, section 2(A)(9).

*II.   Background*

Carter's complaint was filed on April 4, 2008.  He alleges that on January 16, 2008 books and materials were "confiscated by mailroom personnel for allegedly being UCC related materiall (sic)."  He filed two grievances seeking the return of his property.  Ultimately, both grievances were denied.  Carter filed this action seeking declaratory and injunctive relief, recoupment of lost property, monetary damages, attorney's fees and costs.

III.   *Discussion*

In considering Defendants' motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor.  *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  We may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted to Plaintiff under "any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000). Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting

*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

Assuming the facts as alleged by Carter are true, the confiscation of inmate property, pursuant to DOC-ADM 803, "advocating the 'redemption' theory, UCC materials, and information on copyrighting names" does not violate a prisoner's First Amendment right to possess legal materials. *Monroe v. Beard*, 536 F.3d 198, 207 (3d Cir. 2008), *petition for cert. filed* (U.S. Jan. 13, 2009)(No. 08-8288); *Edmonds v. Sobina*, 296 Fed.Appx. 214, 217 (3d Cir. 2008).[3]  "A rational nexus exists between the prison's penological interest and the means used" in confiscating UCC materials. *Monroe*, 536 F.3d at 207. The policy of confiscating UCC materials is "reasonably related to the DOC's interest in protecting government officials from fraudulent liens." *Edmonds*, 296 Fed.Appx. at 217. Thus, Plaintiff does not have a First Amendment claim.

Plaintiff claims defendants violated Due Process by enacting a regulation that is vague. We construe his allegation as claiming that the regulation in question violated Due Process by not giving notice as to what materials would be deemed contraband. The Court of Appeals held in *Monroe* that prison officials did not violate Due Process by failing to "give the inmates prior notice of their intended seizure of materials."

---

[3] *Monroe* and *Edmonds* examined a prior form of DOC-ADM 803. However, the prior versions of the regulation are the functional equivalent to current DOC-ADM 803.

*Monroe*, 536 F.3d at 210. Prisons are constitutionally required to only provide for post-deprivation remedies. *Id.* A post deprivation remedy existed for Carter, the prison grievance procedure. He availed himself of this process on two occasions. Both of his grievances were denied. He received all the process that was due him. Thus, Plaintiff does not have a Due Process claim.

We have supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. However, in light of our decision dismissing Plaintiff's federal claims, we will exercise the discretion granted to us by 28 U.S.C. § 1367(c) and decline to exercise supplemental jurisdiction over his state law claims.

We will issue an order dismissing his federal claim, but will dismiss his state claim without prejudice so he may avail himself of any available state court remedies.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: March 6, 2009

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN CARTER,                     :
        Plaintiff
                                 :

        vs.                      :    CIVIL NO. 1:CV-08-0605

                                 :
JEFFREY A. BEARD, et al.,
        Defendants               :
```

*O R D E R*

AND NOW, this 6th day of March, 2009, it is ordered that:

  1. Defendant's motion to dismiss (doc. 13) is granted.

  2. Plaintiff's state law claims are dismissed without prejudice.

  3. Plaintiff's federal claims are dismissed with prejudice.

  4. The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge